IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA A. GLENN                                                    PLAINTIFF

v.                     CIVIL NO. 2:16-CV-2277

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rebecca A. Glenn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on November 21, 2013, alleging an inability to work since June 1, 2013, due to "osteoarthritis epicondylitis lumbar bulging disc, osteoarthritis, bulging lumbar disc with stenosis, lumbar facet arthropathy, lumbar degenerative disc disease, medial and lateral torn meniscus med right knee, chondromalacia right knee, post ACL and meniscus tears left knee, disruptive ligament left

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

ankle, epicondylitis, high cholesterol, and high blood pressure." (Tr. 65, 66, 75, 76). For DIB purposes, Plaintiff maintained insured status through December 31, 2017. (Tr. 57, 67, 77, 89). An administrative hearing was held on January 27, 2015, at which Plaintiff and a vocational expert testified. (Tr. 42-63).

By written decision dated November 17, 2015, the ALJ found that during the relevant time period, Plaintiff had severe impairments of Musculoskeletal Disorders (back disorder, lumbar degenerative disc disease), (osteoarthritis and allied disorders, knees, elbows, hands), (other and unspecified arthropathies, knees), and (disorders of muscle ligament, and fascia, fibromyalgia); a Neurological Disorder (carpel tunnel syndrome); and a Special/Other Disorder (obesity). (Tr. 26). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 27-28). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except that:

> claimant can frequently lift and/or carry ten pounds and occasionally twenty pounds, push and/or pull within the limits of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger bilaterally. The claimant can frequently operate foot controls bilaterally.

(Tr. 28). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was able to perform her past relevant work as a staff accountant and a bookkeeper. (Tr. 32). Thus, ALJ concluded that Plaintiff was not disabled during the relevant time period of June 1, 2013, the alleged onset date, through November 20, 2015, the date of the ALJ's decision. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 7, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 2nd day of March, 2018.


                                        /s/ *Erin L. Wiedemann*
                                        HON. ERIN L. WIEDEMANN
                                        UNITED STATES MAGISTRATE JUDGE